**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRANDON MARTIN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-1048-GPM** |
| | ) | |
| **DONALD GATEZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

On November 4, 2011, Plaintiff Brandon Martin filed this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff sought leave to proceed *in forma pauperis* ("IFP") in this case without prepayment of the Court's usual $350.00 filing fee in a civil case.  *See* 28 U.S.C. § 1914(a).   Plaintiff acknowledged in his complaint that he had previously been assessed three "strikes" within the meaning of 28 U.S.C. § 1915(g) (Doc. 1, p. 3). The Court consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify Plaintiff's strikes. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government a website) (collecting cases).  Since Plaintiff had been assessed three "strikes" under 28 U.S.C. § 1915(g), he could only proceed IFP if he was under imminent danger of serious physical injury.

Although it was difficult to discern from Plaintiff's complaint, the Court ultimately erred on the side of caution and concluded Plaintiff satisfied the imminent danger standard (Doc 21). Accordingly, Plaintiff was allowed to proceed without prepayment of the Court's usual $350.00

filing fee in a civil case.   The Court immediately set the matter for an evidentiary hearing in order to better understand the details of how Plaintiff was in imminent danger of serious physical injury when he commenced the lawsuit

After the evidentiary hearing, the Court determined Plaintiff was not in imminent danger of serious physical injury when he commenced the lawsuit.  Accordingly, Plaintiff's status to proceed IFP is hereby **REVOKED**.  *See Alston v. FBI*, 747 F. Supp. 2d 28, 32 (D.D.C. 2010) (the district court vacated its previous "order granting the plaintiff leave to proceed IFP" and directing plaintiff to pay the full filing fee in order to maintain plaintiff's action); *Burgess v. Conway*, 631 F. Supp. 2d 280 (W. D. N. Y. 2009) ( the district court revoked plaintiff's *in forma pauperis* status after evidence established   plaintiff had three strikes within the meaning of 28 U.S.C. § 1915, and the court determined plaintiff could not satisfy the "imminent danger" standard).

**IT IS ORDERED** that Plaintiff shall pay the full $350.00 filing fee **on or before April 16, 2012** or this matter will be **dismissed without prejudice**.  The Court will consider Plaintiff's three pending motions (Docs. 29, 44, and 45) upon Plaintiff's payment of the filing fee in full.

**IT IS SO ORDERED.**

DATED: March 13, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge