IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON MARTIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-1048-GPM |
| ) | |
| DONALD GATEZ, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court for the purpose of docket control. On November 4, 2011, Plaintiff Brandon Martin filed this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff sought leave to proceed *in forma pauperis* ("IFP") in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Plaintiff acknowledged in his complaint that he had previously been assessed three "strikes" within the meaning of 28 U.S.C. § 1915(g) (Doc. 1, p. 3). Since Plaintiff had been assessed three "strikes" under 28 U.S.C. § 1915(g), he could only proceed IFP if he was under imminent danger of serious physical injury.

On March 12, 2012, this Court conducted an evidentiary hearing to examine whether Plaintiff was under imminent danger of serious physical injury. After the evidentiary hearing, the Court determined Plaintiff was not in imminent danger of serious physical injury at the time he commenced the lawsuit (*See* Doc. 50). Accordingly, Plaintiff's status to proceed IFP was revoked (Doc. 50).

As previously noted, Plaintiff has been assessed three "strikes" under 28 U.S.C. § 1915(g), and can only proceed IFP if he is under imminent danger of serious physical injury. Since this Court determined Plaintiff failed to meet the imminent danger standard, he thus could not proceed IFP and the Court ordered Plaintiff to pay the full $350.00 filing fee on or before April 16, 2012.

On March 29, 2012, Plaintiff filed a motion for reconsideration, asking the Court to reconsider its March 13, 2012 Order, which found Plaintiff failed to satisfy the imminent danger standard (Doc. 66). The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

The Court construes Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 60(b), which provides relief from judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Upon review of the record, the Court remains persuaded that its ruling in the March 13, 2012 Order is correct. Plaintiff's motion for reconsideration (Doc. 66) is **DENIED**.

Next, this Court must address Plaintiff's failure to pay the filing fee in full. April 16, 2012, has come and passed, and Plaintiff has failed to pay the filing fee as ordered by this Court. Indeed, the Court's March 13, 2012 Order warned Plaintiff that should he fail to pay the full filing fee on or before April 16, this matter would be dismissed without prejudice. Since Plaintiff has failed to comply with the terms of the March 13, 2012 Order and pay the full filing fee, this case is **DISMISSED without prejudice**.

Plaintiff's motion to amend complaint (Doc. 39), motion for copy of complaint and other documents (Doc. 44), motion for order (Doc. 45), and motion for status of evidentiary hearing (Doc. 55) are all **DENIED as moot**. The Clerk of the Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: April 17, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge